IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNION DE TRONQUISTAS DE PUERTO RICO, LOCAL 901,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | CIVIL NO. 14-1613 (JAG) |

OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court are a Motion for Summary Judgment filed by United Parcel Service, Inc. ("UPS" or "Defendant") and a Cross-Motion for Summary Judgment filed by Union de Tronquistas de Puerto Rico, Teamster Local 901 ("Union" or "Plaintiff"), Docket No. 10 & 17. For the reasons outlined below, the Defendant's Motion is **GRANTED** and Plaintiff's Cross-Motion is **DENIED**.

BACKGROUND

On August 1, 2008, UPS and Union entered into a Collective Bargaining Agreement ("CBA") to govern their labor-management relations until July 31, 2013. Docket No. 1 at 4; see also Docket No. 10, Ex. 3. On July 15, 2013, Mr. Pedro Colon ("Mr. Colon"), an employee of UPS at the time, allegedly obstructed, interrupted, and paralyzed the operation of UPS and

disregarded instructions by his direct supervisor, Yamil Cruz.[1] Docket No. 10, Ex. 4. On July 26, 2013, Mr. Colon was terminated for violating Section 3, Article 11 of the CBA. Id. Defendant informed Mr. Colon of the alleged violation and his ensuing termination via a letter sent to him and Plaintiff, which represented him and other UPS employees. Id.

On August 7, 2013, Plaintiff filed a complaint against Defendant in an arbitration forum requesting the reinstatement of Mr. Colon. Id.; see also Docket No. 10 at 1. On March 25, 2014, the arbitration hearing was held at the Bureau of Conciliation and Arbitration of the Department of Labor and Human Resources in San Juan. Docket No. 15, Ex. 2. The Arbitrator, Jorge L. Torres Plaza ("Arbitrator") denied Plaintiff's petition. Docket No. 10, Ex. 3 at 6. The Arbitrator found, *inter alia*, that: (1) Section 3, Article 11 of the CBA applied to Mr. Colon's conduct; (2) the affected parties were properly notified of the termination in compliance with Section 3(A), Article 15 of the CBA; (3) Plaintiff failed to submit its grievance as to the alleged insufficiency of Mr. Colon's termination notice through the CBA's established procedures; and (4) the relief sought by Plaintiff was unjustified and inconsistent with the CBA. Docket No. 10, Ex. 5; Docket No. 15, Ex. 1 at 6-7, 14-19.

On August 8, 2014, Plaintiff filed a Petition for Review of the Arbitrator's Award. Docket No. 1. Later, on October 31, 2014, Defendant filed this Motion for Summary Judgment. Docket No. 10. Subsequently, on December 12, 2014, Plaintiff opposed this Motion and responded with its own Cross-Motion for Summary Judgment. Docket No. 17.

---

[1] Since the merits of the case as to Mr. Colon's conduct have not been tried yet, Plaintiff emphasizes the fact that the allegations as to Mr. Colon's actions have not been proven. Docket No. 18, Ex. 1 at 3; see also Docket No. 17, Ex. 1 at 3.

## STANDARD OF REVIEW

Summary judgment may be entered only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is in genuine dispute if it could be resolved in favor of the non-moving party, and it is material if it potentially affects the outcome of the case under applicable law. Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"Once the moving party has properly supported [its] motion for summary judgment, the burden shifts to the nonmoving party . . . ." Santiago-Ramos, 217 F.3d at 52 (citing DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997)). The non-movant must demonstrate "through submissions of evidentiary quality that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006).

In evaluating a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." DeNovellis, 124 F.3d at 306 (citing Smith v. Stratus Computer, Inc., 40 F.3d 11, 12 (1st Cir. 1994)). It is important to note that, throughout this process, courts cannot make credibility determinations or weigh the evidence, as these are jury functions and not those of a judge. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine." Id. "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. Id. The issue is "genuine" when a reasonable jury could return a verdict for the non-moving party based on the evidence. Id. "A party opposing summary judgment must 'present definite, competent evidence to rebut the motion." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994) (citing Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)). The non-moving party may only survive summary judgment by presenting evidence in support of the existence of genuine issues of fact that warrant the celebration of a trial. Id.

## ANALYSIS

A federal court's review of an Arbitrator's decision is "extremely narrow and extraordinarily deferential." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 37-38 (1987). In fact, judicial review of an arbitration award is among the narrowest known in the law. Ramos-Santiago v. UPS, 524 F. 3d 120, 123 (1st Cir. 2008). "Courts presume that parties who have negotiated a contract that authorizes final and binding arbitration have agreed to accept the arbitrator's view of the facts and meaning of the contract, rather than a judge's perception of the issues." Misco, 484 U.S. at 37-38. Courts are bound to enforce the award and may not review the merits of the contract dispute, unless the arbitrator's decision fails to "draw its essence from the collective bargaining agreement." W.R. Grace & Co. v. Local 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of America, 461 U.S. 757, 764 (1983) (citing United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596 (1960)).

The First Circuit has previously asserted that "disputes that are committed by contract to the arbitral process almost always are won or lost before the arbitrator. Teamsters Local Union No. 42 v. Supervalu, Inc., 212 F.3d 59, 61 (1st Cir. 2000). In fact, "[s]uccessful court challenges are few and far between." Id. Further, "[w]hen an arbitrator even arguably construes or applies the contract and acts within the scope of her authority, a court may not overturn the decision even if the court is convinced the arbitrator committed serious error." Asociacion de Empleados del Estado Libre Asociado de Puerto Rico v. Union Internacional de Trabajadores, 2008 WL 2551300 (D.P.R. 2008) (citing Misco, 484 U.S. at 38). Moreover, rarely may a court reverse an award based on the arbitrator's determination regarding persuasiveness or relevancy of the evidence. Id. (citing Hoteles Condado Beach, La Concha & Convention Ctr. v. Union de Tronquistas Local 901, 763 F.2d 34, 39-40 (1st Cir.1985)).

"Courts should vacate an arbitral award only in rare circumstances, such as when there was misconduct by the arbitrator, when the arbitrator exceeded the scope of her authority, or when the award was made in manifest disregard of the law." Airline Pilots Ass'n Int'l. v. Pan Am Corp., 405 F.3d 25, 30 (1st Cir. 2005). An arbitrator is "confined to interpretation and application of the collective bargaining agreement [and] he does not sit to dispense his own brand of industrial justice. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." United Steelworkers, 363 U.S. at 597.

The Supreme Court in Misco reiterated the limited role of judicial review of arbitration awards. Id. at 40-41, n. 10 ("[I]n the very rare instances when an arbitrator's procedural aberrations rise to the level of affirmative misconduct, as a rule the court must not foreclose

further proceedings by settling the merits according to its own judgment of the appropriate result."). As the Court stated, exceeding these limits "would improperly substitute a judicial determination for the arbitrator's decision that the parties bargained for in the collective-bargaining agreement." Id.

This Court must uphold the Award "if it can find, within the four corners of the agreements, any plausible basis for [the arbitrator's] interpretation." El Dorado Technical Services, Inc. v. Union General de Trabajadores de Puerto Rico, 961 F.2d 317, 319 (1st Cir. 1992). In other words, "as long as the arbitrator is arguably interpreting the CBA, a court cannot second-guess his decision." Dorado Beach Hotel Corp. v. Union de Trabajadores de la Industria Gastronomica, Local 610, 959 F.2d 2, 3-4 (1st Cir. 1992).

In this case, the following issues were raised before the Arbitrator and are subject to review before this Court: (1) whether Section 3, Article 11 of the CBA applied to Mr. Colon's conduct; and (2) whether the affected parties were properly notified of the termination in compliance with Section 3(A), Article 15 of the CBA. With respect to these two issues, the Arbitrator found that there was no major controversy as to the facts and adopted the legal arguments expressed in Defendant's post-hearing memorandum of law.[2] Docket No. 10, Ex. 5 at 6. Keeping in mind the standard of review in this case, the Court now proceeds to analyze the parties' arguments.

---

[2] The Court agrees with the Arbitrator's finding that there is no major controversy as to the facts in this case. While Plaintiff disagrees with certain aspects of Defendant's Statement of Uncontested Material Facts, the Court finds that Plaintiff failed to properly address Defendant's assertions of fact and to support its own assertions as required under Fed. R. Civ. P. 56(e). In any event, Plaintiff failed to show that there was any *material* issue of fact precluding the entry of summary judgment in favor of Defendant.

### A. Applicability of Section 3, Article 11 of the CBA

Section 3, Article 11 of the CBA states that "[t]he Company can suspend or discharge *any delegate or employee* who declares an unauthorized strike, work stoppage, slowdown, or walkout or who takes any other action that paralyzes, obstructs, or interrupts the operations of the Company without resorting to the grievance procedure." Docket No. 10, Ex. 3 (emphasis added).

Plaintiff argues that the Arbitrator erred upon issuing the Award because he exceeded his jurisdiction when interpreting this provision. Docket No. 1 at 4. According to Plaintiff, Section 3, Article 11 of the CBA did not apply to Mr. Colon's alleged conduct because it did not cover individual action, but rather, concerted activities. Docket No. 1 at 10-12. Plaintiff contends that by extending the provision to cover actions by individual employees, the Arbitrator imposed his own criteria of "industrial justice" and, thus, rendered the Award null. Id. at 7.

On the other hand, Defendant asserts that Plaintiff failed to establish a valid ground upon which the Court may vacate the Award in question. Docket No. 10, Ex. 1 at 2. Defendant claims that Section 3, Article 11 of the CBA applied to Mr. Colon's conduct and that, as a result, Plaintiff failed to demonstrate that there was not a plausible basis for the Arbitrator's interpretation of the CBA. Id. Consequently, the Award should be upheld. Id.

The Court finds that that the Arbitrator's conclusions were plausible in light of the record. We do so for various reasons. First, the clear text of Section 3, Article 11 does not make any reference or indication to "concerted activities". Docket No. 10, Ex. 3. Under this provision, Defendant can suspend or discharge any employee who takes any action that "paralyzes, obstructs, or interrupts the operations of the company without resorting to the grievance procedure." Id. Since the text clearly refers to actions of individual employees, such as the ones

in the instant case, it follows that the Arbitrator's interpretation in Section 3, Article 11 was certainly plausible. Id.

Second, in addition to the Arbitrator's plausible interpretation of the CBA's text, the Arbitrator also looked at the parties' past practices under the CBA. Docket No. 10, Ex. 5 at 6; see Providence Journal Co. v. Providence Newspaper Guild, 271 F. 3d 16, 20 (1st Cir. 2001). The Arbitrator considered two previous cases in which a single employee was terminated for violating Section 3, Article 11 of the CBA, and in which Plaintiff challenged unsuccessfully the employees' terminations through the CBA's grievance procedure.[3] Docket No. 10, Ex. 5 at 6. In both cases, the Arbitrator noted that Plaintiff had acknowledged that Section 3, Article 11, applied in circumstances involving actions by individual employees.[4] Id. Consequently, the Arbitrator relied on other plausible grounds for the holding.

Third, there is no evidence on the record that "the Arbitrator appreciated the existence and applicability of a controlling legal rule but intentionally decided not to apply it." Cytyc Corp. v. DEKA Prods., Ltd., 439 F. 3d 27, 35 (1st Cir. 2006); see also Prudential-Bache Securities, Inc. v. Tanner, 72 F. 3d 234, 240 (1st Cir. 1995) ("In order to demonstrate that the arbitrator both recognized and ignored the applicable law, there must be some showing in the record, other than the result obtained, that the arbitrators knew the law and expressly disregarded it."). In

---

[3] Cases No. A-05-1863 and No. A-03-2806.

[4] Furthermore, the Arbitrator relied on NLRB v. City Disposal Systems, Inc. for the proposition that a single employee's actions may constitute a "concerted activity" under the law. 465 U.S. 822, 832, 835-837 (1984). According to the Arbitrator, it is clear that Mr. Colon's alleged actions do not place him outside the scope of Section 3, Article 11. Docket No. 10, Ex. 4 & 5.

this sense, the Arbitrator relied on a plausible reading of the CBA and did not impose his particular brand of "industrial justice". Docket No. 1; see also Docket No. 10, Ex. 5.

　　B. Proper Notice

Section 3(A), Article 15 of the CBA states that "[a]ll disciplinary actions will be in writing to the employee with a copy to the Union, delegates, and the General Delegate and will state the cause of action, date and the offense which led to the disciplinary action . . . ." Docket No. 10, Ex. 3; see also Docket No. 15, Ex. 1 at 17.

Plaintiff argues that the notification was improper because Defendant did not include the underlying reason for Mr. Colon's termination pursuant to Section 3(A), Article 15. Docket No. 1. Plaintiff stated during the arbitration hearing that the alleged non-compliance with the requirements was the same one that was already argued in United Parcel Service, Inc. and Union de Tronquistas de Puerto Rico, Local 901, Case No. A-14-06. Docket No. 15, Ex. 2 at 3, 7 & Ex. 1; see also Docket No. 10, Ex. 5 at 7-8. In that case, Plaintiff alleged that Defendant failed to include in the notification the "cause" for the employee's termination. Id.

On the other hand, Defendant asserts Plaintiff waived this argument, since it did not submit any allegations in the original complaint that was filed for arbitration. Docket No. 10, Ex. 5 at 6; see also Docket No. 10, Ex. 6. Notwithstanding, Defendant adds that, in the alternative, they did comply with the requirements for proper notification as expressed in the CBA. Docket No. 18, Ex. 1 at 4-5.

The Court finds that the Arbitrator's conclusions and findings as to this issue were plausible and clear in light of the record. By failing to mention in the complaint that Mr. Colon's termination notice was insufficient, Plaintiff failed to properly submit its grievance through the

established CBA procedure and was, thus, barred from seeking the Arbitrator's intervention.[5] Docket No. 10, Exs. 5-6; see Bowen v. United States Postal Service, 459 U.S. 212, 225-226 (1983) ("The employer, for its part, must rely on the union's decision not pursue an employee's grievance. When the Union, as the exclusive agent of the employee, waives arbitration or fails to seek review of an adverse decision, the employer should be in substantially the same position as if the employee had the right to act on his own behalf and had done so."). Therefore, this issue was not properly raised before the Arbitrator and Plaintiff cannot ask this Court now to consider it.

In any event, it is undisputed that there was a notification sent to Mr. Colon apprising him of his termination. Docket No. 10, Ex. 4. Additionally, contrary to Plaintiff's position, the "cause" of Mr. Colon's termination and the violations he allegedly committed are clear and unambiguous from the face of the Discharge Letter. Id. Mr. Colon's termination letter fully complies with the requirements of Section 3(A), Article 15 of the CBA as it properly states: (1) the cause or reason for Mr. Colon's termination —i.e. violation of Article 11; (2) the date on which the offense occurred —i.e., July 15, 2013; and (3) the offense which led to the disciplinary action —i.e., Mr. Colon allegedly obstructed, interrupted, and paralyzed the operation of the company during the reload operation and failed to perform a task instructed by his supervisor.

---

[5] Second, Section 2(E), Article 16 of the CBA adds that "a reasonable written request for available grievances . . . requested from the Company . . . involving an active grievance shall be provided no later than three (3) . . . days from the date of the written request." Docket No. 10, Ex. 3. Furthermore, Section 1, Article 16 adds that "[a]ny grievance not presented, taken to the next step or answered within the established timeframe will be resolved based on the company's last position if the union fails to abide with the agreed timeframe or with the union's last position if the employer does not take the corresponding action within the established timeframe unless otherwise agreed between both parties."

Docket No. 10, Exs. 1 & 5. Furthermore, it is uncontested that the Discharge Letter was sent to Mr. Colon, the Union's Secretary-Treasurer Alexis Rodriguez, and Union Delegate Ricardo Girald. Docket No. 10, Ex. 1 at 13.

Furthermore, Plaintiff's request for the revocation of Mr. Colon's termination is in conflict with the CBA. Both Section 1(A)[6] and 1(F)[7] of Article 15 address the circumstances under which terminated employees may seek relief against Defendant. Docket No. 10, Ex. 3. Both sections state that an employee's dismissal can be repealed by an arbitrator when the dismissal is executed without just cause. Id. The parties, however, never agreed for an employee's dismissal to be overturned in cases where the employee was terminated with cause, but was not properly notified of the termination pursuant to Section 3(A), Article 15 of the CBA. Id. It follows that, even if the notice of Mr. Colon's termination did not comply with Section 3(A), Article 15, the relief sought by Plaintiff was unjustified under the CBA. Id.; see also Docket No. 15, Ex. 1 at 16.

## CONCLUSION

In view of the above, this Court finds that the Arbitrator's interpretation of the CBA's plain language is plausible. The record shows that the Arbitrator acted within the scope of his authority in interpreting and applying the provisions of the CBA. The Arbitrator did not in any way amend any provision of the CBA as Plaintiff alleges. See Docket No. 10, Ex. 3 & Ex. 5.

---

[6] "[T]he Employer shall not discharge nor suspend any employee without just cause . . . ." Section 1(A), Article 15 of the CBA.

[7] "[A]n employee discharged or suspended without just cause will be paid for all time lost, unless otherwise mutually agreed upon between the Company and the Union." Section 1(F), Article 15 of the CBA.

Civil No. 14-1613 (JAG)                                                                                                         12

Therefore, this Court will not second guess his decision. As a result, we uphold the Award in question in its entirety. <u>Dorado Beach Hotel Corp.</u>, 959 F.2d at 3-4 (1st Cir. 1992); <u>see also</u> <u>El Dorado Technical Services, Inc.</u>, 961 F.2d at 319 (1st Cir. 1992).

      In view of the foregoing, the Defendant's Motion, Docket No. 10, is **GRANTED** and Plaintiff's Cross-Motion, Docket No. 17, is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of May, 2015.

                                              <u>S/ Jay A. Garcia-Gregory</u>

                                              JAY A. GARCIA-GREGORY

                                              United States District Judge